STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
SAVITH IYENGAR (CABN 268342)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7018
    Fax: (415) 436-6748
    savith.iyengar@usdoj.gov

Attorneys for Defendant
MARTY LEE PLISCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF STATE CRIMINAL PROSECUTION** |
| vs. | |
| MARTY LEE PLISCH, | |
| Defendant. | |

**TO:**    **United States District Court for the Northern District of California**

Criminal Clerk
Superior Court of California
County of Marin
Hall of Justice, Room C-10
3501 Civic Center Drive
San Rafael, CA 94903

Lori E. Frugoli
Marin County District Attorney
Kevin R. O'Hara
Deputy District Attorney
Shari Goldman
Deputy District Attorney
Andrea Buccine
DA Expediter
3501 Civic Center Drive, Room 145
San Rafael, CA 94903
(Attorneys for Plaintiff)

    **PLEASE TAKE NOTICE** that on this day, **Case No. CR216242** pending before the Marin County Superior Court is being removed to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1442(a)(1) and 1455 on behalf of defendant Marty Lee Plisch, Chief of Navigation for the United States Army Corps of Engineers ("USACE"). Upon the direction of the

Attorney General of the United States and pursuant to 28 U.S.C. § 1455, the undersigned attorneys hereby present the following facts to the Judges of the United States District Court for the Northern District of California.

1.    On May 5, 2021, the Marin County District Attorney's Office filed a criminal complaint against Mr. Plisch in Marin County Superior Court (the "state court action") charging Mr. Plisch with violating Penal Code Section 242 (misdemeanor battery), complaining that on March 24, 2021, Mr. Plisch did "willfully and unlawfully use force and violence upon the person of Robert Thomas Bruce Powelson."  Copies of the criminal complaint and all process, pleadings, and orders served upon Mr. Plisch in the state court action are submitted herewith as **Exhibit A**.

2.    On June 2, 2021, Mr. Plisch was arraigned in Marin County Superior Court.  A copy of the Arraignment Plea and Counsel form is submitted herewith as **Exhibit B**.  Pursuant to 28 U.S.C. §§ 1455(b)(1) and (2), "[a] notice of removal of a criminal prosecution shall be filed no later than 30 days after the arraignment in the State court" — *i.e.*, by July 2, 2021 — unless good cause is shown, and "shall include all grounds for such removal."  Accordingly, this notice of removal is timely filed and sets forth all grounds for removal below.  *See* 28 U.S.C. §§ 1455(b)(1), (2).

3.    A criminal prosecution that is commenced in a state court against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office," may be removed "to the district court of the United States for the district and division embracing the place wherein it is pending."[1]  28 U.S.C. § 1442(a)(1); *Mesa v. California*, 489 U.S. 121, 129 (1989).  A party seeking removal under Section 1442 must show that it is an officer or person acting under an officer within the meaning of the statute, that there is a causal connection between its federal responsibilities and the charged conduct, and that it can assert a "colorable federal defense." *Jefferson Cty. v. Acker*, 527 U.S. 423, 431 (1999); *Mesa*, 489 U.S. at 139; *Leite v. Crane Co.*, 749 F.3d 1117, 1124 (9th Cir. 2014); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006).  In contrast to the general civil removal statute, 28 U.S.C. § 1441, under Section 1442, "when federal officers and their

---

[1] The Marin County Superior Court is within the geographic jurisdiction of the Northern District of California, San Francisco Division.

agents are seeking a federal forum, [federal courts] are to interpret section 1442 broadly in favor of removal." *Durham*, 445 F.3d at 1252; *see also Arizona v. Manypenny*, 451 U.S. 232, 241 (1981).

4.    Mr. Plisch satisfies all three elements for removal of the state court action.  First, as Chief of Navigation for USACE, and acting in that capacity at the time of the events giving rise to the criminal complaint, Mr. Plisch was (and is) an officer or person acting under an officer of USACE within the meaning of 28 U.S.C. § 1442(a)(1).  *Acker*, 527 U.S. at 431; *Mesa*, 489 U.S. at 139; *Durham*, 445 F.3d at 1251.

5.    Second, there is a causal connection between Mr. Plisch's federal responsibilities and the charged conduct, based on the following facts:[2]

a.    On March 24, 2021, Mr. Plisch was acting under USACE's authority and direction in supervising USACE's facility in Sausalito, California, and in ensuring safe salvage operations in the navigable waters of Richardson Bay.  Pursuant to Sections 19 and 20 of the Rivers and Harbors Appropriation Act of 1899, as amended (the "Rivers and Harbors Act"), the Secretary of the Army, through USACE, has the authority to remove any vessel or other obstruction to navigation from navigable waters if the obstruction has been in existence for longer than thirty days, or immediately "[u]nder emergency," e.g., where the obstruction "stop[s], seriously interfere[s] with, or specially endanger[s] navigation, in the opinion of the Secretary of the Army, or any agent of the United States to whom the Secretary may delegate property authority."  33 U.S.C. §§ 414-415.  Section 15 of the Rivers and Harbors Act makes it unlawful "to tie up or anchor vessels or other craft in navigable channels in such a manner as to prevent or obstruct the passage of other vessels or craft."  33 U.S.C. § 409.

b.    The Richardson Bay Regional Agency ("RBRA") is a local government agency serving Belvedere, Mill Valley, Tiburon, and unincorporated Southern Marin.  *See* Richardson Bay Home Page, http://rbra.ca.gov.  RBRA has a license from USACE allowing RBRA to use the northern half of USACE's debris dock and boat launch for hauling out and disposing of wrecks salvaged from Richardson Bay.

c.    On March 24, 2021, RBRA was in the process of removing a derelict houseboat

---

[2] These facts are stated to prove entitlement to the federal officer removal statute and do not represent an admission of guilt.  *Willingham v. Morgan*, 395 U.S. 402, 408 (1969).

1  from Richardson Bay using USACE's debris dock.  RBRA requested USACE's assistance to haul the

2  houseboat from the water onto USACE's property using an excavator.  Mr. Plisch provided assistance

3  consistent with USACE's authority to remove obstructions from navigable waters and to ensure the safe

4  operation of RBRA's salvage and disposal activities in Richardson Bay and the safe use of USACE's

5  debris dock.

6          d.    During the salvage operation, Robert Thomas Bruce Powelson entered the work

7  area on a kayak.  An RBRA patrol vessel intercepted Mr. Powelson and RBRA Harbormaster Curtis

8  Havel informed Mr. Powelson that an active operation was underway, that he should leave the area as it

9  was unsafe for civilians, and that if he continued to proceed, his actions would constitute a trespass.  Mr.

10  Powelson paddled around the RBRA patrol vessel and appeared to attach his kayak to the houseboat.

11  RBRA and USACE personnel immediately halted operations given the imminent danger to Mr.

12  Powelson.  Mr. Plisch boarded the houseboat and attempted to dislodge Mr. Powelson's kayak.  Mr.

13  Plisch did not make physical contact with Mr. Powelson.  After Mr. Plisch was unsuccessful, Mr. Havel

14  called the police.  Corporal Brian Mather of the Sausalito Police Department ("SPD") responded to the

15  scene.  Copies of SPD's incident reports, consisting of SPD's original Incident Report and two

16  Supplemental Incident Reports, are submitted herewith as **Exhibit C**.

17          e.    According to SPD's Incident Report, upon arrival, Corporal Mather "noticed

18  Powelson had tied himself to a houseboat that was partially removed from the water."  The houseboat

19  "belonged to decedent, Diane Moyer," and was "old and in poor condition."  Corporal Mather "spoke

20  with all parties on scene."  Mr. Powelson claimed that Mr. Plisch had hit him with a paddle.  SPD found

21  no evidence to support Mr. Powelson's allegation against Mr. Plisch.  Instead, SPD recommended two

22  misdemeanor charges against Mr. Powelson for violations of Penal Code Sections 602(o) (criminal

23  trespass) and 148(a)(1) (resisting arrest), and no charges against Mr. Plisch.  SPD explained: "What is

24  clear in this incident is that Powelson trespassed onto [USACE] property to prevent Harbor Master

25  Havel from his duties as Harbor Master."  SPD continued (emphasis in original): "*It should be known*

26  *that this is one of many recent incidents over the past year involving Powelson trespassing on [USACE]*

27  *dock*," that "*[i]n each case [Powelson] has either tied himself to a boat, boarded a boat or walked*

28  *through an open gate to the property without permission*" despite "*numerous signs*," and that Mr.

1   Powelson has ignored lawful "*warn[ings] that he would be arrested for trespassing*."  Nonetheless, as

2   stated in Paragraph 1, above, the Marin County District Attorney's Office charged Mr. Plisch with

3   misdemeanor battery upon Mr. Powelson.

4           6.      Mr. Plisch's actions in attempting to dislodge Mr. Powelson's kayak from the derelict

5   houseboat were causally related to his federal responsibilities.  *See Maryland v. Soper*, 270 U.S. 9, 33

6   (1926) ("It is enough that [the federal employee's] acts or his presence at the place in performance of his

7   official duty constitute the basis, though mistaken or false, of the state prosecution.").  Mr. Plisch was

8   actively performing his official duties in assisting RBRA with its salvage operation when he acted to

9   dislodge Mr. Powelson's kayak from the derelict houseboat.  *Cf. Hawaii v. Broughton*, No. CR. 13-

10  00415 HG, 2013 WL 3288381, at *3 (D. Haw. June 28, 2013) (finding that a federal protective services

11  officer on his homebound commute was nevertheless acting under color of office).  Mr. Plisch's actions

12  were related to USACE's interest in ensuring the safety of RBRA's salvage operation, and consistent

13  with USACE's mission of removing vessels or other obstructions to navigation, including vessels or

14  craft tied or anchored in such a manner as to prevent or obstruct the passage of other vessels or craft.  33

15  U.S.C. §§ 409, 414-415; *Soper*, 270 U.S. at 33; *Tennessee v. Davi*s, 100 U.S. 257, 257 (1879)

16  (permitting removal of state murder charge when federal revenue collector fired upon assailants).

17          7.      Mr. Plisch also satisfies the third element for removal of the state court action because he

18  can assert a "colorable federal defense."  *Acker*, 527 U.S. at 431.  To do so, Mr. Plisch does not need to

19  prove that he will prevail on this defense.  *Willingham*, 395 U.S. at 407 ("The officer need not win his

20  case before he can have it removed."); *see also United States v. Todd*, 245 F.3d 691, 693 (8th Cir. 2001)

21  ("For a defense to be considered colorable, it need only be plausible; § 1442(a)(1) does not require a

22  court to hold that a defense will be successful before removal is appropriate.") (citing *Willingham*, 395

23  U.S. at 406-407).  The purpose of Section 1442 is to have federal defenses litigated in federal court.

24  *Willingham*, 395 U.S. at 407; *Mesa*, 489 U.S. at 129.  One colorable federal defense is enough to

25  warrant removal; after removal, additional defenses, including under state law, may still be argued.

26  *Mesa*, 489 U.S. at 129.

27          8.      Mr. Plisch has a colorable argument that his actions were protected by Supremacy Clause

28  immunity such that the state prosecution may not proceed.  *See In re Neagle*, 135 U.S. 1, 75 (1890).

1    Under the Supremacy Clause, "a federal officer cannot be held on a state criminal charge where the

2    alleged crime arose during the performance of his federal duties." *Clifton v. Cox*, 549 F.2d 722, 724-25

3    (9th Cir. 1977) (citing U.S. Const. Art. VI & *Neagle*, 135 U.S. at 75). Such Supremacy Clause

4    immunity applies when a federal employee's actions are both (1) within the scope of his authority and

5    (2) necessary and proper to the execution of his responsibilities. *Morgan v. California*, 743 F.2d 728,

6    731 (9th Cir. 1984). Conduct may be within the scope of a federal employee's authority even if it is of

7    "questionable legality" or taken without the specific direction of a superior. *Clifton*, 549 F.2d at 727 &

8    728 n. 12. Further, a federal employee need not "show that his action was in fact necessary or in

9    retrospect justifiable, only that he reasonably thought it to be." *Id.* at 728.

10        9.    Here, Mr. Plisch's actions were plausibly authorized by federal law and within the scope

11    of his authority as Chief of Navigation for USACE to supervise USACE's facility and ensure safe

12    salvage operations in the navigable waters of Richardson Bay, including by removing vessels or other

13    obstructions to navigation, and vessels or craft tied or anchored in such a manner as to prevent or

14    obstruct the passage of other vessels or craft. 33 U.S.C. §§ 409, 414-415. Mr. Plisch reasonably

15    believed that his actions in attempting to dislodge Mr. Powelson's kayak from the derelict houseboat

16    were necessary and proper to the execution of these responsibilities. *See Morgan*, 743 F.2d at 731;

17    *Broughton*, 2013 WL 3288381 at *5. Indeed, Mr. Plisch was addressing an emergency circumstance

18    created by Mr. Powelson during the course of federal operations, and his actions were related to and

19    within the scope of his federal responsibilities to ensure the safety of Mr. Powelson, the salvage

20    operation, and the navigable waters. *See Mesa*, 489 U.S. at 133.

21        10.    For these reasons, Mr. Plisch can assert a colorable federal defense of Supremacy Clause

22    immunity and is entitled to remove the state court action and have this defense litigated in federal court

23    regardless of its ultimate merits. *See Willingham*, 395 U.S. at 407. Mr. Plisch may also raise state law

24    defenses upon removal, *Mesa*, 489 U.S. at 129, including arguing that the elements of battery under

25    California Penal Code Section 242 are not met. *See* Ex. C (finding no evidence that Mr. Plisch

26    committed battery and recommending that Mr. Powelson alone be charged with two misdemeanors).

27        11.    Further, Mr. Plisch is additionally entitled to removal even absent a colorable federal

28    defense (although Mr. Plisch has one here) to the extent his state prosecution amounts to impermissible

NOTICE OF REMOVAL OF STATE CRIMINAL PROSECUTION

interference with federal activities.  *See Mesa*, 489 U.S. at 132.  Federal courts have long protected the

supremacy of the federal government's activities from interference from state authorities.  *See, e.g.*,

*Arizona v. United States*, 567 U.S. 387, 416 (2012) (immigration); *Crosby v. Nat'l Foreign Trade*

*Council*, 530 U.S. 363, 366 (2000) (foreign relations); *McClanahan v. State Tax Comm'n*, 411 U.S. 164,

165 (1973) (relations with tribes); *Martin v. Hunter's Lessee*, 14 U.S. (1 Wheat.) 304 (1816) (state

courts).  Accordingly, "careful pleading, demonstrating the close connection between the state

prosecution and the federal officer's performance of his duty, might adequately replace the specific

averment of a federal defense."  *Mesa*, 489 U.S. at 132.  If a state prosecution effectively results in the

harassment of federal officers and the impediment of their duties, removal may be permissible even

absent a colorable federal defense.  *Id.* at 140 (Brennan, J., concurring).  Here, removal is appropriate to

the extent the charge against Mr. Plisch is based on Mr. Plisch's performance of his official duties for

USACE in connection with a matter that has generated substantial public attention, and has the effect of

hindering the federal government's operations under federal law in removing obstructions from

navigable waters and ensuring the safe operation of RBRA's salvage and disposal activities in

Richardson Bay and the safe use of USACE's debris dock.  *Id.*; 33 U.S.C. §§ 409, 414-415; Ex. C.

12.     For the foregoing reasons, Mr. Plisch respectfully requests that the United States District

Court for the Northern District of California order an evidentiary hearing and determine that removal of

the state court action shall be permitted pursuant to 28 U.S.C. §§ 1442(a)(1) and 1455(b)(5).

13.     A copy of this Notice of Removal is being filed with the Criminal Clerk of the Marin

County Superior Court.  If the United States District Court determines that removal shall be permitted, it

shall so notify the Marin County Superior Court, which shall proceed no further.  28 U.S.C.

§ 1455(b)(5).

Dated:  July 2, 2021                                    Respectfully submitted,

                                                       STEPHANIE M. HINDS
                                                       Acting United States Attorney

                                                        */s/ Savith Iyengar*
                                                       SAVITH IYENGAR
                                                       Assistant United States Attorney
                                                       Attorneys for Defendant

1

**CERTIFICATE OF SERVICE**

2    The undersigned hereby certifies that she is over the age of 18 and not a party to this action, is an

3    employee of the United States Attorney's Office for the Northern District of California, and is a person

4    of such age and discretion to be competent to serve papers. The undersigned further certifies that she is

5    causing a copy of the following:

6    **NOTICE OF REMOVAL OF STATE CRIMINAL PROSECUTION WITH EXHIBITS A-C**

7    to be served this date upon the parties in this action by placing a true copy thereof in a sealed envelope,

8    and served as follows:

9    XX    FEDERAL EXPRESS via Priority Overnight

10   ___    PERSONAL SERVICE (BY MESSENGER)

11   ___    U.S. MAIL

12   XX    EMAIL

13   to the parties addressed as follows:

14

15   Lori E. Frugoli
     Marin County District Attorney
     Kevin R. O'Hara

16   Deputy District Attorney
     Shari Goldman

17   Deputy District Attorney
     sgoldman@marincounty.org

18   Andrea Buccine
     DA Expediter

19   DA_EXPEDITER@marincounty.org
     3501 Civic Center Drive, Room 145

20   San Rafael, CA 94903
     (Attorneys for Plaintiff)

21

22

23   I declare under penalty of perjury under the laws of the United States of America that the

24   foregoing is true and correct. Executed this 2nd day of July, 2021 at San Francisco, California.

25

26   _Jacquelene Hollar_
     _____

27   JACQUELINE E. HOLLAR
     Paralegal Specialist

28

CERTIFICATE OF SERVICE
Case No.                                    5